UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-20539-BLOOM/Otazo-Reyes**

JOHN ALEMAN, *derivatively*
*on behalf of Ryder System, Inc.*,

     Plaintiff,

v.

ROBERT E SANCEZ, *et al.*,

     Defendants.

_____/

## ORDER ON MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF, AND APPROVE LEAD AND LIAISON COUNSEL

**THIS CAUSE** is before the Court upon the Motion and Incorporated Memorandum of Law in Support of Plaintiff John Aleman's Motion to Consolidate Related Actions, Appoint Lead Plaintiff, and Approve Lead and Liaison Counsel, ECF No. [15] ("Motion"). For the reasons that follow, the Motion is denied.

Plaintiff John Aleman filed a Verified Stockholder Derivative Complaint, ECF No. [1] ("Complaint"), on behalf of Nominal Defendant Ryder System, Inc. ("Ryder"), against several of Ryder's senior executives ("Individual Defendants").[1] The Complaint asserts claims for breach of fiduciary duty (Count I), unjust enrichment (Count II), and breach of fiduciary duty for insider

---

[1] As alleged in the Complaint, the Individual Defendants are Robert E. Sanchez, Ryder's President and Chief Executive Officer; Art A. Garcia, Ryder's Executive Vice President and CFO and Special Advisor to the CEO; Dennis C. Cooke, President of Ryder's Global FMS Segment; John M. Berra, a company director; Robert J. Eck, a company director; Robert A. Hagemann, a company director; L. Patrick Hassey, a company director; Michael F. Hilton, a company director; Tamara L. Lundgren, a company director; Luis P. Nieto, Jr., a company director; David G. Nord, a company director; Abbie J. Smith, a company director; E. Follin Smith, a company director; Dmitri L. Stockton, a company director; John Gleason, Ryder's Executive Vice President and Chief Sales Officer; and Hansel E. Tookes, II, a company director.

trading (Count III). Plaintiff alleges that these wrongdoings occurred from July 23, 2015 through February 13, 2020 (the "Relevant Period").

Plaintiff's allegations are that during the Relevant Period, the Individual Defendants actively, or through conscious disregard, participated in a scheme through which residual values of Ryder's fleet of vehicles were artificially inflated. As a result, the Individual Defendants caused Ryder to dramatically understate depreciation expense, overstate profits, and increase incentive compensation, and to violate Generally Accepted Accounting Principles ("GAAP"), which in turn artificially inflated Ryder's stock price.

Also pending before this Court is another shareholder derivative action, *Alan Campbell v. Robert E. Sanchez, et al*., Case No. 21-cv-20203-BLOOM/Otazo-Reyes ("*Campbell*"), which is based on the same underlying operative facts, and asserts similar causes of action on behalf of Ryder against all but one of the same Individual Defendants.[2]

In addition, there is a putative securities class action captioned *State of Alaska, Alaska Permanent Fund, et al. v. Ryder System, Inc., et al.*, Case No. 20-cv-22109-CANNON/Otazo-Reyes ("Class Action"). The Class Action alleges violations of Section 10(b) of the Exchange Act and Rule 10b-5, and Section 20(a) of the Exchange Act, and names Ryder System, Inc. Robert E. Sanchez, Art A. Garcia, and Dennis C. Cooke as defendants. *See* Class Action, ECF No. [28] ("Amended Complaint"). The claims and allegations in the Class Action are substantially similar to those raised in the Complaint filed in this action and in *Campbell*. A motion to dismiss the Amended Complaint is currently pending in the Class Action.

In *Campbell*, the parties jointly moved for a stay pending a ruling on the motion to dismiss in the Class Action, recognizing that the cases are related, and that the resolution of the issues

---

[2] Defendant Gleason is a named Defendant in the instant case only.

raised in the Class Action will necessarily impact the proceedings in *Campbell*. *See Campbell*, ECF No. [7]. As a result, the Court entered an order staying proceedings in *Campbell* pending a resolution of the Amended Complaint proceedings in the Securities Class Action, and administratively closing the case. *See id.*, ECF No. [11].

In the Motion, Plaintiff argues that the plaintiff in *Campbell* lacks standing to assert derivative claims on Ryder's behalf because he has not continuously held stock during the Relevant Period. In addition, Plaintiff contends that this case and *Campbell* are clearly related, involve substantially the same parties and the same facts, and therefore that consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure. Plaintiff further requests that he be appointed to serve as sole lead plaintiff and that his counsel be chosen to lead the consolidated derivative action on behalf of Ryder.[3]

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all the matters at issue in the actions; . . . consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3). Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A decision to consolidate cases is discretionary. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Young*, 59 F.3d at 1168).

Upon review, the Motion is due to be denied at this juncture because it is premature. A review of the docket in this case reveals that none of the Defendants has been served with process.

---

[3] The Motion indicates that counsel for Campbell has not consented to consolidation.

Thus, although the Motion makes the representation that "Counsel for Defendants . . . took no position concerning plaintiff leadership and agreed the Related Actions should be consolidated . . . ," no appearances have been entered on behalf of any Defendants in this case, and Defendants currently are under no obligation to respond to the Motion.

Moreover, the Court notes that the Motion improperly seeks to attack the standing of the plaintiff in *Campbell*—an argument that even the Defendants in *Campbell* have not made—and Plaintiff has not cited to any authority to support his attempt to question the *Campbell* plaintiff's standing by way of a motion to consolidate in a separate case. In addition, consolidation at this juncture would further be improper because *Campbell* is closed. *See Mainstream Advert., Inc. v. Moniker Online Servs., LLC*, No. 17-cv-22714-BLOOM/Valle, 2017 WL 9672798, at *1 (S.D. Fla. Sept. 27, 2017) (noting that consolidation is improper where one case was closed, and denying motion to consolidate).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [15]**, is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record